SELLERS, Justice (dissenting).
I respectfully dissent from the main opinion. I cannot conclude that the judgment in favor of Glenn E. Estess, Jr., as personal representative of the estate of Lecil V. Thomas, and Richard Thomas and Roger Thomas on the basis that Charlotte Harbin's petition was time-barred under Ala. Code 1975, § 43-2-350, was erroneously entered. Section 43-2-350, the nonclaim statute, mandates that all claims against an estate must be presented within six months after the grant of letters testamentary or of administration--the only exception being that the statute does not apply to "heirs or devisees claiming as heirs or devisees." § 43-2-350(b), Ala. Code 1975. But, even heirs are limited by § 43-8-199, Ala. Code 1975, and are required to file a will contest within six months after the admission of a will to probate. Six months, in my opinion, seems to be the uniform time required that actions involving an estate be commenced.
On May 30, 2013, the probate court admitted Lecil's will to probate and granted letters testamentary to Estess, the personal representative of his estate. The limitations period for filing a claim against Lecil's estate expired on November 30, 2013. On May 14, 2014, Harbin filed a petition in the probate court seeking a declaration that she was Lecil's common-law spouse, that she had been omitted from his will, and that she was entitled to an intestate share of his estate under § 43-8-90, Ala. Code 1975. The circuit court, to which the proceedings had been removed, concluded that, because Harbin had filed her petition as part of the administration of Lecil's estate and because there had been no determination that Harbin was Lecil's common-law spouse, Harbin was not an "heir" excepted from the time requirements of § 43-2-350(b). Even assuming Harbin had been declared an omitted common-law spouse, I decline to accept her position that § 43-8-90 would allow her to sleep on her rights and wait over one year after Lecil died to file a claim she knew existed at the time of his death. Section 43-8-90 should be construed in pari materia with § 43-2-350 and other related sections of the probate code to provide, in relevant part, that an omitted spouse shall file a petition within the later of six months after the decedent's date of death or six months after the probate of the decedent's will. See Fretwell v. McLemore, 52 Ala. 124, 138 (1875) (noting that the probate statutes "in reference to the probate of wills, the grant of letters testamentary and of administration, the collection, preservation, and distribution of the assets, the payment of debts and legacies, the enforcement of the liability of executors and administrators to creditors, heirs, and legatees, and to their successors in the administration" are "in pari materia, and when a judicial construction is placed on any one of them, it would not only be unsafe, but would mar and disturb the harmony of the system, if its connection with and relation to other parts was not observed and kept in view"); see also § 43-8-73, Ala. Code 1975 (providing, in pertinent part, that a "surviving spouse may elect to take his elective share by filing with the court ... a petition for the elective share within six months after the date of death"); and § 43-2-138, Ala. Code 1975 (providing, in pertinent part, that "[a]ny legatee, after six moths from the grant of letters testamentary or of *311 administration, with the will annexed, may bring a civil action and recover his legacy"). As previously noted, and barring some grossly inequitable result, I believe the six-month limitations period in § 43-2-350 is the uniform time limit for most, if not all, probate matters to be filed to alert the personal representative or administrator of an estate of a potential claim that could diminish the gross estate. As it stands, the holding of the main opinion creates a scenario in which beneficiaries under a will could receive their bequests beginning six months after probate of the will, only to have those bequests subject to recapture years later by a person alleging to be an "omitted" common-law spouse of the decedent. This scenario certainly violates the purpose and goal of the currently existing probate structure, i.e., the speedy and effective administration of the decedent's probate estate. Accordingly, I would affirm the judgment of the circuit court in favor of Estess and Lecil's sons on the basis that Harbin's petition is barred by the six-month limitations period in § 43-2-350.